# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| SHANDI CRAPPELL : | |
| 112 Watercrest Lane : | CIVIL NO. _____ |
| Delcambre, LA 70528 : | |
| : | **JURY TRIAL DEMANDED** |
| and, : | |
| : | |
| RIC SZABO : | |
| 100 South Meyers Drive : | |
| Lafayette, LA 70508 : | |
|        Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| MUNCY INDUSTRIES, LLC : | |
| d/b/a MUNCY MACHINE & TOOL CO., INC. : | |
| 5820 Susquehanna Trail : | |
| Turbotville, PA 17772 : | |
| : | |
|        Defendant. : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiffs, Shandi Crappell, and Ric Szabo ("Plaintiffs"), by and through their undersigned attorney, for their Complaint against Defendant, Muncy Industries, LLC d/b/a Muncy Machine & Tool Co., Inc., ("Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiffs brings this Complaint contending that Defendant has improperly failed to pay overtime compensation for all hours worked over forty (40) in a workweek, pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq*.

2. Plaintiffs were employees of Defendant who were employed in the positions of Calibration Technician, and Lead Calibration Specialists during their respective tenures of employment. During the course of their employment, Plaintiffs regularly worked more than forty (40) hours per workweek, but were not properly compensated for their work in that Plaintiffs were not paid an overtime premium at 1.5 times their regular rates of pay for each hour worked in excess of forty (40) hours in a workweek. In this regard, Plaintiffs contend that Defendant unlawfully misclassified Plaintiffs as "exempt" under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked. Accordingly, Plaintiffs contend that they are owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

3. Plaintiffs bring this action as a representative under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## PARTIES

4. Plaintiff Shandi Crappell is a citizen of the United States, and currently maintains a residence at 112 Watercrest Lane, Delcambre, LA 70528.

5. Plaintiff Ric Szabo is a citizen of the United States, and currently maintains a residence at 100 South Meyers Drive, Lafayette, LA 70508.

6. Upon information and belief, Defendant Muncy Industries, LLC d/b/a Muncy Machine & Tool Co., Inc., is a for-profit corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with their headquarters and/or principal place of business located at 5820 Susquehanna Trail, Turbotville, PA 17772.

7. Defendant is a "private employer" and covered by the FLSA.

8. Plaintiffs were employed by Defendant during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

9. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

10. This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

11. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as their FLSA claims.

13. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. Plaintiff Shandi Crappell first began her employment with Defendant in or around the beginning of February 2020, in the position of Calibration Technician.

16. Plaintiff Ric Szabo first began his employment with Defendant on or about January 7, 2018, in the position of Calibration Specialists Lead.

17. Throughout their employment, Plaintiffs performed their jobs well, receiving positive feedback and no justifiable discipline.

18. By further way of background, Plaintiffs routinely worked and/or traveled together, sharing similar and/or identical schedules each workweek.

19. Additionally, Plaintiffs were routinely sent on overnight jobs, possibly lasting two (2) or more days.

20. During a typical workweek, Plaintiffs typically worked, on average, approximately sixty (60) to eighty (80) hours per workweek, or more.

21. For example, the week of April 26, 2020 through May 1, 2020, Plaintiff Shandi Crappell worked approximately seventy-eight (78) hours and nineteen (19) minutes, but was not compensated for all hours worked over forty (40) hours, or at 1.5 times her regular rate of pay for all hours worked over forty (40) hours.

22. For example, the week of April 26, 2020 through May 1, 2020, Plaintiff Ric Szabo worked approximately eighty-seven (87) hours and forty-five (45) minutes, but was not compensated for all hours worked over forty (40) hours, or at 1.5 times his regular rate of pay for all hours worked over forty (40) hours.

23. Accordingly, Plaintiffs were not compensated for all hours worked over forty (40) hours.

24. Critically, Plaintiffs were not compensated at 1.5 times their regular rate of pay for all hours worked over forty (40) hours for each workweek.

25. As a Calibration Technician and/or Calibration Specialists Lead, Plaintiffs took on a number of different responsibilities. Plaintiffs were required to perform manual labor, perform various tool and/or equipment calibrations, calibrate tensile testing machines, repair

machines and/or equipment, travel to different job locations, work leads, send emails to customers, as well as limited administrative functions of a largely clerical nature.

26. Plaintiffs provided the aforementioned services on a schedule determined by Defendant, who instruct Plaintiffs where and when to report to work.

27. Defendant maintains similar control over the manner by which Plaintiffs perform their duties as Calibration Technician and/or Calibration Technician Lead, in that Defendant is responsible for assigning duties, clients, and work to Plaintiffs and determining the schedule and length of work.

28. Defendant paid Plaintiffs on a salary basis for all hours worked.

29. Defendant would not compensate Plaintiffs for time missed from work in increments totaling less than one-half of plaintiffs' shift.

30. Defendant unlawfully misclassified Plaintiffs as "exempt" employees, thus determining that they were not entitled to overtime compensation under the FLSA and PMWA.

31. Defendant failed to pay Plaintiffs any overtime compensation for the hours worked over forty (40) in a workweek.

32. Upon information and belief, Defendant did not post and/or failed to post employee rights protected under the FLSA in a conspicuous space for employees to readily read it.

33. The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

34. In violations of the FLSA and PMWA, Defendant failed to track, record, and report all the hours worked by Plaintiffs.

35. Plaintiffs were non-exempt within the meaning of the FLSA/PMWA.

36. Plaintiffs did not have the authority to formulate, implement, or otherwise deviate from Defendant's pre-established policies or operating practices, but instead performed their job duties subject to specific instructions and/or guidelines provided by Defendant.

37. As such, Plaintiffs primary job duties did not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

38. Moreover, Plaintiffs did not have the authority to commit Defendant in matters having significant financial impact, nor did they have the authority to negotiate or otherwise bind Defendant with respect to matters of significance.

39. Accordingly, Plaintiffs did not qualify for the exemptions from overtime for professional or administrative employees under the FLSA/PMWA while they were employed in the position of Calibration Technician and/or Calibration Technician Lead.

40. Moreover, in the roles of Calibration Technician and/or Calibration Technician Lead, Plaintiffs' job did not involve any managerial responsibilities, nor did Plaintiffs have any employees reporting to them or to whom they regularly gave direction. Furthermore, Plaintiffs did not have the authority to hire or fire other employees, nor did they make any suggestions or recommendations regarding hiring or employee status changes to which Defendant lent significant weight.

41. Accordingly, Plaintiffs did not qualify for the exemption for executive employees under the FLSA/PMWA while they were employed in the role of Calibration Technician and/or Calibration Technician Lead.

42. Plaintiffs did not qualify for the exemption for learned professionals under the FLSA/PMWA. Plaintiffs did not perform work requiring advance knowledge in a field of science or learning acquired through a prolonged course of intellectual instruction. In this

regard, Plaintiffs' job duties did not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

43. Accordingly, Plaintiffs did not qualify for the learned professional exemption under the FLSA/PMWA.

44. Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiffs in their role as a Calibration Technician and/or Calibration Technician Lead.

45. Plaintiffs were within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours worked over forty (40) in a workweek.

46. As a result of Defendant's aforesaid illegal actions, Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

47. Paragraphs 1 through 46 are hereby incorporated by reference as though the same were fully set forth at length herein.

48. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

49. Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

50. According to the policies and practices of Defendant, Plaintiffs were required to work in excess of forty (40) hours per week.  Despite working in excess of forty (40) hours per

week, Plaintiffs were denied overtime compensation at 1.5 times their regular rate of pay, for all work performed in excess of forty (40) hours per week in violation of the FLSA.

51. The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

52. Defendant's actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

53. Defendant is liable to Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiffs for hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiffs liquidated damages in accordance with the FLSA;

D. Awarding Plaintiffs reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

54. Paragraphs 1 through 53 are hereby incorporated by reference as though the same were fully set forth at length herein.

55. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

56. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

57. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

58. As a result of Defendant's unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiffs respectfully requests that this Court enter judgment in their favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiffs of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

      C.      An award to Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

                                                    Respectfully submitted,

                                                    **MURPHY LAW GROUP, LLC**

                               By:     /s/*Michael Murphy*
                                          Michael Murphy, Esq.
                                          Eight Penn Center, Suite 2000
                                          1628 John F. Kennedy Blvd.
                                          Philadelphia, PA 19103
                                          TEL: 267-273-1054
                                          FAX: 215-525-0210
                                          murphy@phillyemploymentlawyer.com
                                          *Attorneys for Plaintiff*

Dated: March 16, 2021

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.