IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIC SZABO, | : |
| | : Civil Action No. 4:21-CV-00468 |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MUNCY INDUSTRIES, LLC, | : |
| | : |
| Defendant. | : |

### PLAINTIFF RIC SZABO'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff, Ric Szabo, by and through his undersigned Counsel, hereby submits the following Statement of Undisputed Material Facts in support of Plaintiff's Motion for Partial Summary Judgment:

### INTRODUCTION

1. Plaintiff, Ric Szabo ("Plaintiff" or "Szabo"), initiated this action on March 16, 2021, alleging that Defendant, Muncy Industries, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, by failing to pay Plaintiff overtime compensation for all hours worked over forty (40) in a workweek. See Docket No. 1.

2. Defendant, Muncy Industries, LLC ("Defendant" or "Muncy"), is in the wire rope industry and manufactures parts "for heavy lifting." See Muncy-000419-20, attached as Exhibit A.

3. Defendant has three facilities, with its main location in Pennsylvania. See Exhibit A at 2.

1

4. Plaintiff began working for Defendant on January 8, 2018. See Fetter-1, attached as Exhibit B.

5. At the time he was hired, Plaintiff's job title was "calibration technician." See Deposition of Jason Fetter, attached as Exhibit C at 18:9-14.

6. As a calibration technician, Szabo's job duties were to calibrate all load cells that came in-house, and to "travel and calibrate at different customers' locations." See Deposition of Megan Delahoussaye at 21:4-9, attached as Exhibit D.

7. Szabo spent eighty percent (80%) of his time "out on the road and calibrating machines." See Deposition of Ric Szabo at 87:15-16 attached as Exhibit E.

8. Jason Fetter ("Mr. Fetter"), Muncy's Vice President and the person who hired Szabo, has a Juris Doctorate and a Masters of Business Administration. See Exhibit C at 10:21-22.

9. Mr. Fetter is not currently admitted to practice law but testified that he is still an attorney. Id. at 11:9-13, 12:22-24.

10. As a lawyer, Mr. Fetter is "very generally" familiar with the Fair Labor Standards Act and "generally" familiar with the Pennsylvania Minimum Wage Act." Id. at 20:2-5.

11. According to Mr. Fetter, the decision as to whether an employee would be classified as an exempt employee and paid a salary or whether they would be paid on an hourly basis and entitled to overtime is made by the person who hired the employee. Id. at 14:6-14.

12. There are a number of individuals at Muncy who have the authority to hire employees: the plant managers; Ophelia Fetter, President and owner of "some of the entities;" Justin Fetter, Vice President of Muncy Machines and a part owner; and Mr. Fetter himself. Id. at 14-15.

13. Mr. Fetter made the decision to make Szabo a salary exempt employee. Id. at 15:13-16.

14. Mr. Fetter made the decision that Szabo was an exempt employee "based off of his experience in the industry, which was very specialized based off of his experience in the military and all of his acclimates along the way." Id. at 16:9-13.

15. Muncy did not have a method of tracking the time of its calibration technicians when they were in the field. Id. at 25:19-24, 26, 27:1-18; See also Exhibit B at Answer to Interrogatory No. 5; See generally Muncy-000017-34 Plaintiff's times clocked in/out, attached as Exhibit F; See also "Ric Szabo calibrations" produced by Muncy attached as Exhibit G.

16. Szabo did not give other calibration technicians their assignments. See Exhibit C at 36:9-11.

17. Szabo was given his assignments by Megan Delahoussaye ("Ms. Delahoussaye"), Muncy's plant administrator. See Exhibit D at 22:3-4; See also Delahoussaye-1 attached as Exhibit H.

18. Ms. Delahoussaye would email Szabo his assignments "almost daily." Exhibit D at 23:12-14.

19. Ms. Delahoussaye was responsible for sending out emails providing calibration technicians their schedule for the week. See Delahoussaye-2 attached as Exhibit I.

20. Mr. Fetter and Ms. Delahoussaye were both Szabo's supervisors and were in positions of authority over him. See generally Exhibits C, D, and E.

21. Szabo did not have the authority to hire or fire anyone. See Exhibit C at 36:12-14.

22. As a calibration technician, Szabo was permitted to exercise independent discretion and judgment. Id. at 39: 10-24.

23. However, if an issue in the field "did involve customer involvement, if it involved cost, if it involved staying an extra night or if there was a greater level of impact, [Szabo] was required to communicate that to [Kimberly Bunting, Muncy's Inside Sales Manager] and or Jason Fetter." See Deposition of Kimberly Bunting at 22:13-18, attached as Exhibit J.

24. When Szabo was in the office, Szabo sent Mr. Fetter daily and weekly goal lists. Id. at 43:20-24; See generally Exhibit K for daily reports from Szabo to Mr. Fetter.

25. Szabo does not have any type of academic degree. See Fetter-2 attached as Exhibit L.

26. Being a calibration technician does not require a degree. Muncy requires a certification, which generally takes three (3) to six (6) months of training, followed by an examination. See Exhibit D at 30:7-17.

27. Prior to working for Muncy, Szabo worked as a calibration technician. See Exhibit C at 50:4-8.

28. When asked if Mr. Fetter knew if Szabo was an hourly employee at his job as a calibration technician prior to working for Muncy, Mr. Fetter answered, "I don't know. It says 17/HR, next to the word 'salary.' I don't know." Id. at 50:12-14.

29. There was a notice explaining the Fair Labor Standards Act and an employee's rights under the Fair Labor Standards Act in the location Szabo worked during his tenure with Muncy. Id. at 51:6-10.

30. Szabo was the only calibration technician lead during his time working for Muncy. Id. at 51-52:1-2.

31. Although Szabo was the only calibration technician lead, all calibration technicians were paid on a salary basis. Id. at 52:7-10.

32. Muncy pays its calibration technicians on a salary basis because it is fair and easy to track. Id. at 13-14.

33. Muncy does not have a mechanism to track time well. Id. at 14-15.

34. Muncy employees understand that travel takes time and that it is just part of the job. 15-17.

35. It is Muncy's position that a calibration technician is a technical position and "it makes sense to be salary, and everybody agrees to that." Id. at 17-20.

36. Szabo no longer works for Muncy and has not since July 10, 2020. See Exhibit B at Answer to Interrogatory No. 7.

          Respectfully submitted,

          **MURPHY LAW GROUP, LLC**

By:   */s/ Mary Kramer*
       Murphy Law Group, LLC
       Mary Kramer, Esq.
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       mkramer@phillyemploymentlawyer.com
       Attorneys for Plaintiff

Dated: September 30, 2022

## **CERTIFICATE OF SERVICE**

I, Mary Kramer, Esq. certify that on September 30, 2022, I caused a true and accurate copy of the foregoing to be filed by ECF filing, which will send notification of such filing to the following counsel:

Gregory A. Stapp
Attorney I.D. #78247
Stapp Law, LLC
153 West Fourth Street, Suite 6
Williamsport, PA 17701
TEL: 570-326-1077
gstapp@stapplaw.net
*Attorney for Defendant*

  /s/ Mary Kramer
Mary Kramer, Esq.

Dated: September 30, 2022