# EXHIBIT B



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------
SHANDI CRAPPELL, and         :   CIVIL ACTION NO. 21-00468
RIC SZABO,                   :
                             :
    Plaintiffs,             :
                             :
v.                           :
                             :
MUNCY INDUSTRIES, LLC,       :
d/b/a MUNCY MACHINE &        :
TOOL CO., INC.,              :
                             :
    Defendant.              :
----------------------------------------------------------------

### DEFENDANT'S ANSWERS TO PLAINTIFFS' INTERROGATORIES

Defendant, Muncy Industries, LLC, d/b/a Muncy Machine & Tool Co., Inc., by and through its undersigned counsel, Gregory M. Stapp, Esquire, hereby serves its Answers to Plaintiffs' Interrogatories.

### ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify by name, last known address, and last known telephone number, all persons with knowledge of the facts and circumstances alleged in Plaintiffs' Complaint and in Defendant's Answer to Complaint and Affirmative Defenses.

    **ANSWER:**
    Jason Fetter
    4804 Chaperel Drive
    Pearland, TX 77584
    (281) 961-7658

**INTERROGATORY NO. 2:** Identify, in full and complete detail, Plaintiffs titles, job duties and responsibilities.

    **ANSWER:**
    **Ric Szabo:**
    Calibration Technician Lead

    Create and lead the calibration program's technical aspects
    Write Work Instruction of calibration procedures, even more specific than the manufacturer's procedures.
    Calibrate customers' loadcells, transducers, dynamometers and measuring devices.
    Support other calibration technicians.
    Help Maintain calibration equipment.
    Help source equipment and supplies for calibration equipment.
    Other duties when at the shop to help the shop's operations.

    **Shandi Crappell:**
    Calibration Technician
    Calibrate customers' loadcells, transducers, dynamometers and measuring devices.
    Help Maintain calibration equipment.
    Other duties when at the shop to help the shop's operations.

**INTERROGATORY NO. 3:** Describe the terms of the employment relationship between Defendant and Plaintiff and Class Plaintiffs that were/are governed by a written document, and any oral terms that modified any written aspect of such employment relationships.

    **ANSWER:**
    Plaintiffs were Defendant Muncy's employees. There was no employment contract, but Ric had an offer letter. Ric received numerous raises during his employment at Muncy.

**INTERROGATORY NO. 4:** Identify all documents authored by Defendant, including but not limited to contracts, agreements, rules, guidelines, manuals, handbooks, memoranda, or any other documents, that governed Plaintiffs job duties and responsibilities for Defendant, including, but not limited to, wages and hours worked and/or any other aspect of Plaintiffs' employment with Defendant. Describe in detail the manner in which each such document was transmitted to Plaintiffs, and state the manner, if any, in which Plaintiff acknowledged receipt of such documents.

    **ANSWER:**
    Plaintiffs signed on their first day of employment, Company Handbook, Confidentiality and Noncompete Agreement. When hired, we had no calibration technicians. Ric helped make work instructions and job descriptions.

**INTERROGATORY NO. 5:** State with particularity the number of hours Plaintiff worked in each calendar week during the last three years, identifying the procedure used for monitoring and recording said hours, and identifying all personnel involved in these procedures and their specific responsibilities.

    **ANSWER:**
    See times clocked in as already submitted, as they speak for themselves. Shandi worked a 40 hour week when she wasn't traveling. Shandi only worked for Muncy for a few months, during which she did not travel much, perhaps 2 trips. During those trips, we work in customers'

facilities, which are typically only open during regular business hours.  Shandi travelled once with me, Ric and other calibration tech, where she may have driven a few hours.  Most of the driving was done by other techs.  The other trip with Ric I recall Ric did most of the driving and only after he was hired by Chant Engineering in clear violation of his non-compete agreement.  Shandi's time she clocked in when she was at the shop was consistent with a 40 hour work week.  Shandi was a salary position as she agreed and as indicated in her pay.  She never had issue with her agreed status.

Ric Szabo was a salary employee.  See times clocked in as already submitted, as they speak for themselves.  During trips, no record was taken of his time, as he was a salaried employee as he had agreed in his offer letter and as he was paid for the 2 or so years he was employed.  He never had issue with this employment relationship until after his employment.

**INTERROGATORY NO. 6:**  Describe any oral or written communication/complaints, investigations or inquiries concerning allegations that you failed to properly compensate any current and/or former employee, including, but not limited to lawsuits, investigations or inquiries initiated by any employee or any governmental entity. Identify all documents concerning such complaints, investigations, or inquiries.

**ANSWER:**
None.

**INTERROGATORY NO. 7:** Identify the person(s) employed by Defendant (including any owner(s) or representative agent(s) thereof by name, job title, dates of employment, and current job status, to whom Plaintiffs were required to report during the course of their employment with Defendant, including any such person(s) who exercised any degree of control or oversight over any aspect of Plaintiffs' job performance, including, but not limited to, his duties while working for Defendant. For each such person, describe in detail his/her duties and responsibilities with respect to Plaintiffs.

**ANSWER:**
Jason Fetter
Vice President
Employed November 2014 to present

Kimberly Bunting
Inside Sales Manager
Employed 4/15/2017 to 5/14/2020

Megan Delahoussaye
Plant Manager/Calibration Sales
Employed January 20, 2020 to present

Ric Szabo for Shandi
Lead Calibration Technician

3

Employed 1/8/2018 to 7/10/2020

**INTERROGATORY NO. 8:**  Describe the terms of the employment relationship between Defendant and Plaintiff that were governed by a written document, and any oral terms that modified any written aspect of such employment relationship.

**ANSWER:**
Asked and answered.

Company Handbook, Confidentiality and Noncompete Agreement.

The relationship was employment at will.  Ric received a few raises that were orally communicated and reflected in his paychecks.

Plaintiff Ric Szabo failed to comply with the terms of the company's rules as outlined in its Handbook by failing a random drug test and testing positive for cocaine use.  Please see the attached results of the Controlled Substance Test at MUNCY-000042-000045 and Defendant's Employee Warning Report at MUNCY-000131.

**INTERROGATORY NO. 9:**  Describe in detail the factual basis for Defendant's contentions in its Answer that Plaintiffs were "exempt" employee within the meaning of the FLSA and the PMWA, including but limited to the professional, executive, administrative, learned professional exemption, and corresponding state laws.

**ANSWER:**
Both Plaintiffs were hired as salary employees due to the travel, and for Ric, his creation of the calibration team and his leadership and previous professional training he had to create and lead the calibration team on technical issues.  Never having calibrated any item before Ric, Ric set up the entire program, helped procure the equipment, write the procedures, get ISO certified, write the job descriptions, train new calibration technicians, trouble shoot and support other calibration technicians.  Ric truly was the impetus for creating the program and without his education, expertise, experience, and push, we would not have a calibration department.

**INTERROGATORY NO. 10:**  State the names of all witness you intend to call at the trial of this matter and provide a summary of their anticipated testimony.

**ANSWER:**
This answer will be provided in accordance with the Rules of Civil Procedure.

**INTERROGATORY NO. 11:**  Identify all persons answering or providing any information used to answer any Interrogatory herein. Describe the source of such person's knowledge and specify which Interrogatories such person answered or assisted in answering.

**ANSWER:**
Jason Fetter, from personal experience and recollection, having hired and worked with Ric.

Kelli Gordon, accounting at Muncy, as she has provided the wage reports and contents of the employee file.

**INTERROGATORY NO. 12:** Identify all persons by name, job title, dates of employment, and current job status, whose job responsibilities from January 2018 to the present included determining Defendant's compliance with applicable wage and hour laws with respect to Defendant's compensation of Plaintiffs, including, but not limited to, compliance with the FLSA and state law. Identify all documents authored by or on behalf of such persons regarding such compliance. Please also identify any and all documents which Defendant relied upon in concluding that Defendant's wage and hour practices with respect to Plaintiffs were compliant with the FLSA and state law.

**ANSWER:**
Jason Fetter, Vice President
Sheryl Luse, Accounts Receivable (Handled Ric's payroll)
Kelli Gordon, Accounts Receivable (Handled Shandi and Ric's payroll)

**INTERROGATORY NO. 13:** Describe in detail all the location and times Plaintiffs were required to travel for a job and the hours they worked.

**ANSWER:**
The times they drove versus flew versus rode outside of 9-5 was not recorded as they were salaried employees. Will provide additional information upon receipt of same.

**INTERROGATORY NO. 14:** Describe, in detail, what specific duties, if any, Plaintiff or Class Plaintiffs performed which you contend qualify as:

a) The performance of office or non-manual work directly related to the management or general business operations of Defendant or Defendant's customers;

b) The exercise of discretion and independent judgment with respect to matters of significance; and

c) The performance of work which is predominately intellectual in character and/or work requiring the consistent exercise of discretion and judgment.

Identify and describe in your answer any records and documents upon which you rely in responding to this interrogatory.

**ANSWER:**
Asked and answered.

a) Ric set up the entire program, helped procure the equipment, write the procedures, get ISO certified, write the job descriptions, train new calibration technicians, trouble shoot and support other calibration technicians. Ric truly was the impetus for creating the program and without his expertise, experience and push, we would not have a calibration department. Ric also set up our lab in Lafayette. Ric also consulted with Muncy in building testbeds. He had much practical experience in running and setting them up. Ric sent voluminous emails furthering these ends and participated in many meetings with other staff to set up and grow the calibration department.

b) Ric wrote many procedures and bought many pieces of equipment, all which had some regular approval process, but stayed his creation, as we did not have his expertise and he was driving the conversation.

c) Ric started a department from scratch. When we started, we did not have any calibration equipment or business. With his leadership, professional training, planning and execution, he created the calibration department.

Shandi did not have this expertise.

**INTERROGATORY NO. 15:** Describe, in detail, what advanced knowledge, if any, you contend Plaintiff and Class Plaintiffs were required to have in order to perform their job duties for Defendant. Identify and describe in your answer the following information:

a) The field(s) of science or learning related to the advanced knowledge, if any, you contend Plaintiff was required to have in order to perform her job duties for Defendant; and

b) Specific prolonged courses of specialized intellectual instruction required to obtain the advanced knowledge, if any, you contend Plaintiff was required to have in order to perform her job duties for Defendant.

Identify and describe in your answer any records and documents upon which you rely in responding to this interrogatory.

**ANSWER:**
a) Ric's made his own position, as we did not calibrate prior to Ric coming to the company. Ric was required to have the mechanical and electronic background to create a highly technical calibration department at Muncy. Creating a department requires more expertise and knowledge than joining one. Ric had great experience in hydraulics and electronics, which is what makes up the equipment we service and calibrate. Ric also had to be able to operate the hydraulic testing equipment at customers.

b) Ric was not required to have any prolonged course work. However, he had to be able to use a computer to write the procedures, set up the department and procure equipment per our procedures. Ric also had to be able to operate and linearize on a multitude of computer indicators, which he had great previous experience.

Shandi was not hired to set up a department but was being trained to become a competent

6

calibration technician. She had great experience in electronics and soldering and came highly recommended.

                                                             **STAPP LAW, LLC**

Dated: March 11, 2022                                    By: /s/ Gregory A. Stapp
                                                                         Gregory A. Stapp, Esquire
                                                                         Atty. I.D. #78247
                                                                         Attorney for Plaintiff
                                                                         153 West Fourth Street, Suite 6
                                                                         Williamsport, PA 17701
                                                                         Tel. (570) 326-1077
                                                                         Email: Gstapp@Stapplaw.net
                                                                         *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I, Gregory A. Stapp, Esquire, counsel for Defendant, hereby certify that on this 11th day of March, 2022, a true and correct copy of the foregoing **Defendant's Answers to Plaintiffs' Interrogatories** has been served upon Michael Murphy, Esquire, counsel for Plaintiffs via email to the following:

    Michael Murphy, Esquire
    Murphy Law Group, LLC
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    Email: murphy@phillyemploymentlawyer.com
    *Counsel for Plaintiffs*

                                                /s/ Gregory A. Stapp
                                                Gregory A. Stapp, Esquire
                                                *Counsel for Defendant*